UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    **Plaintiff,**<br><br>V.<br><br>MICHAEL SIZEMORE,<br>    **Defendant.** | CRIMINAL NO. 6:03-18-KKC-HAI<br><br><br>**ORDER** |

*** *** ***

This matter is before the Court on the Recommendation Disposition (DE 227) filed by Magistrate Judge Ingram on August 13, 2015, and also Defendant's Motion for Entry of Judgment (DE 229) consistent with the Recommended Disposition. On September 4, 2003, Defendant Michael Sizemore pled guilty to conspiracy to distribute, and distribution of, cocaine and possessing a firearm as a felon. (DE 79). In January 2004, this Court sentenced Sizemore to be imprisoned for ninety-six months followed by five years of supervised release. (DE 124). On August 5, 2015, Sizemore appeared before Magistrate Judge Ingram for alleged violations of the conditions of his supervised release. (DE 222). After failing a drug test, Sizemore admitted to using marijuana and methamphetamine—a Grade C violation. (DE 227 at 2.)

Judge Ingram conducted a hearing concerning the revocation of Sizemore's supervised release, and Sizemore stipulated to the violations. (DE 226). Based upon Sizemore's stipulation, the parties jointly recommended revocation and twenty-four months imprisonment with no period of supervised release to follow. Based on a review of the record and the applicable guidelines, the Magistrate Judge agreed to this upward deviation as "sufficient, but not greater than necessary," and recommended the same. (DE 227 at 8.)

The Magistrate Judge further advised the parties that they had until August 27, 2015, to file objections to the recommendation.

Sizemore filed a response that included his waiver of allocution (DE 228), and no party filed objections to the Magistrate Judge's recommendation. Sizemore's response asks this Court to incorporate two recommendations to the Bureau of Prisons into the judgment in this matter. Sizemore would have this Court recommend that he be permitted to serve his period of incarceration as close to home as possible, and that he be allowed to serve as much of that time in a halfway house as possible. Apparently, neither of these proposed recommendations was mentioned before Judge Ingram. Given Defendant's "substantial breach of the Court's trust" and lack of "commit[ment] to the rehabilitative goals of supervised release" (DE 227 at 7–8), this Court will recommend only that he be imprisoned as near to his home as possible. Under the circumstances, this Court does not find that recommending placement in a halfway house would be appropriate.

Accordingly, **IT IS ORDERED** that:

1. The Magistrate Judge's Recommended Disposition (DE 227) is **ADOPTED** as and for the opinion of this Court;

2. Judgment shall be entered consistent with this Order; and

3. Defendant's Motion for Entry of Judgment (DE 229) is **DENIED AS MOOT**.

Dated October 13, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY